IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANTONIA BLACKWELL,<br><br>                    Plaintiff,<br>v.<br><br>MICHAEL BOEHM et al.,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS<br><br>Case No. 2:25-cv-00465<br><br>Judge Ted Stewart |

This matter comes before the Court on Plaintiff Antonia Blackwell's Motion for Leave to Proceed in forma pauperis.[1] Because Plaintiff's claim is barred by the *Younger* abstention doctrine and for other reasons discussed below, the Court will deny Plaintiff's request to proceed in forma pauperis ("IFP") and dismiss the matter.

I. BACKGROUND

The following background is based on Plaintiff's Complaint, as well as the docket from Plaintiff's related justice court case.[2] In January 2024, Plaintiff was charged with five counts of Electronic Communication Harassment, a Class B misdemeanor in South Jordan Justice Court. The case is still ongoing and on May 5, 2025, Judge Michael Boehm, a South Jordan justice court judge, issued a bench warrant for Plaintiff's failure to appear at a pretrial conference.

---

[1] Docket No. 2.

[2] *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

On June 11, 2025, Plaintiff filed her Complaint in this Court against Judge Boehm and South Jordan prosecutor, Deborah Snow, in their official capacities.[3] Specifically, Plaintiff challenges the amount of the bench warrant issued by the Judge in her case as unlawful under 28 U.S.C. § 2241.[4] Thereafter, Plaintiff filed a Motion to Proceed in forma pauperis and subsequently filed a Motion for a Temporary Restraining Order, Motion for Preliminary Injunction.[5]

## II. DISCUSSION

28 U.S.C. § 1915 governs all cases in which a plaintiff is proceeding IFP. Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed IFP at any time the court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. Although § 1915(e)(2)(B) screening is not required before granting IFP status or ordering service on the defendant, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[6] "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[7]

---

[3] Docket No. 1.

[4] *Id.* at 1.

[5] Docket No. 5.

[6] *See Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012).

[7] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (internal quotation marks and citation omitted).

The Court finds that dismissal is proper here because Plaintiff's claim is barred by the *Younger*[8] abstention doctrine. The Supreme Court has established three factors for the district court's determination as to whether abstention is required under *Younger*:

> (1) there is an ongoing state criminal, civil or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.[9]

"Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."[10]

Here, Plaintiff's state court criminal case is ongoing, the state court is an adequate forum to hear her claims,[11] and the state "proceedings involve important state interests—namely, the enforcement of state criminal laws."[12] For these reasons, *Younger* abstention applies and Plaintiff's claim is barred.[13]

---

[8] *Younger v. Harris*, 401 U.S. 37 (1971).

[9] *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (internal quotation marks and citation omitted).

[10] *Id.*

[11] *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (internal quotation marks omitted and citation omitted); *Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have "obligation to guard, enforce, and protect every right granted or secured by the constitution of the United States."); *Steffel v. Thompson*, 415 U.S. 452, 460 (1974) ("[P]endant state proceedings, in all but unusual cases, would provide the federal plaintiff with the necessary vehicle from vindicating his constitutional rights.").

[12] *Strickland v. Wilson*, 399 F. App'x 391, 397 (10th Cir. 2010); *Fisher v. Whetsel*, 142 F. App'x 337, 339 (10th Cir. 2005) (A state's "important interest in enforcing its criminal laws through proceedings in its state courts remains axiomatic.").

[13] *See, e.g., Tucker v. Reeve*, 601 F. App'x 760, 760–61 (10th Cir. 2015) (applying *Younger* to pretrial detainee's § 2241 petition claiming state officials set an excessive bond); *Arter v. Gentry*, 201 F. App'x 653, 653–54 (10th Cir. 2006) (construing pretrial detainee's claim

Even if the *Younger* abstention doctrine does not apply, Defendants are immune from suit. First, the claim against Judge Boehm is barred by judicial immunity. "A long line of [Supreme Court] precedents acknowledge[] that, generally, a judge is immune from a suit for money damages."[14] Judicial officers are also explicitly immunized . . . against suits for injunctive relief under 42 U.S.C. § 1983."[15] The Supreme Court has recognized that, "[a]lthough unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer . . . shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"[16]

Judicial immunity is not "overcome by allegations of bad faith or malice" or corruption.[17] This immunity can be overcome only when a judge either (1) acts outside the judge's judicial capacity, or (2) takes judicial action in absence of all jurisdiction.[18] Acts outside a judge's capacity are those not "normally performed by a judge" or those where a party does not believe the party is dealing with a judge in the judge's judicial capacity.[19]

Here, the allegation against Judge Boehm arises from actions taken in his official capacity. Therefore, the judicial immunity doctrine applies, and Judge Boehm is immune from this suit.

---

of excessive bail as a claim under § 2241 and dismissing claim pursuant to the *Younger* doctrine).

[14] *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (collecting cases).

[15] *Ysais v. New Mexico*, 373 F. App'x 863, 866 (10th Cir. 2010).

[16] *Mireles*, 502 U.S. at 10 (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)).

[17] *Id.* at 11 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

[18] *Id.* at 11–12.

[19] *Id.* at 12.

Second, Plaintiff's claim against Ms. Snow is also barred. The Tenth Circuit has held that "a prosecutor's activities related to initiating and pursuing a criminal prosecution and presenting the state's case at trial are absolutely immune from liability."[20] Plaintiff's allegations relate to the prosecutor's efforts in pursuing the criminal prosecution in the underlying justice court case. Accordingly, Ms. Snow is also immune from this suit.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Proceed in forma pauperis (Docket No. 2) is DENIED; It is further

ORDERED that this matter is dismissed.

DATED June 26, 2025.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[20] *Glaser v. City & Cnty. of Denver, Colo.*, 557 F. App'x 689, 705 (10th Cir. 2014) (citation omitted).